NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10387 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-01470-ROS-DTF-1 |
| v. | |
| LUIS ENRIQUE BELTRAN-BELTRAN, AKA Luis Enrique Villarreal Gaytan, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Luis Enrique Beltran-Beltran appeals from the district court's judgment and

challenges the 120-month sentence imposed following his guilty-plea conviction

for conspiracy to attempt to unlawfully export machineguns and unregistered

firearms, in violation of 18 U.S.C. §§ 371, 554(a), 922(o); aiding and abetting

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

possession of machineguns, in violation of 18 U.S.C. §§ 2, 922(o); and aiding and abetting possession of unregistered firearms, in violation of 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Beltran-Beltran contends that the district court erred by relying on hearsay evidence to apply an aggravated role enhancement under U.S.S.G. § 3B1.1(a). The district court did not abuse its discretion by relying on hearsay statements contained in the testimony of two law enforcement agents regarding the number of individuals involved in the conspiracy. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001). The record reflects that these statements, which were consistent with each other and with Beltran-Beltran's own statements, were sufficiently corroborated to provide the minimal indicia of reliability necessary to qualify for consideration at the sentencing hearing. *See id.* at 976-77; *see also* U.S.S.G. § 6A1.3(a).

**AFFIRMED.**